IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL KOSMICKI, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| BURLINGTON NORTHERN | ) | |
| SANTE FE RAILWAY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action Title I of the Americans With Disabilities Act of 1990 in Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and make whole Daniel Kosmicki. The Defendant discharged Daniel Kosmicki a qualified individual with a disability, perceived to be a mental impairment by the Defendant from his position as an engineer because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 USC §451,1331,1337,1343, and 1345. This action is authorized and instituted pursuant to Section 107.A of the Americans With Disabilities Act of 1990 (ADA) 42 USC 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 USCA Section 2000(e)-(5)(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 USC Section 1981(a).

2. The employment practices hereinafter alleged to be unlawful were and are now being committed in the United States District Court for the District of Nebraska.

3. The Plaintiff Daniel Kosmicki is a resident of Lincoln, Lancaster County, Nebraska.

4. At all relevant times the Defendant Burlington Northern Santa Fe Railway has been and is now a corporation doing business in the State of Nebraska and throughout the State of Nebraska and has continuously had and does now have at least 15 employees. At all relevant times the Defendant Burlington Northern Santa Fe Railway has been a covered entity under Section 101(2) of the ADA, 42 USC Section 12111(2).

## STATEMENT OF CLAIMS

5. More than thirty (30) days prior to the institution of this lawsuit Daniel Kosmicki filed a charge with the Commission alleging violation of Title I of the ADA by the Defendant Burlington Northern Santa Fe Railway. All conditions precedent to the institution of this lawsuit have been fulfilled. Plaintiff received a notice of his right to sue from the EEOC within ninety (90) days of the filing of this Complaint. A copy of the Notice is attached as Exhibit "1".

6. Since at least December 8, 2004, Defendant has engaged in unlawful employment practices in violation of the ADA Sections 102(a), 102(b)(1) and 102(b)(5)(B) 42 USC Section 12112(b)(1) and 12112(b)(5)(B) at their Lincoln, Nebraska facility. These practices include but are not limited to Defendant's discharge of Daniel Kosmicki, a qualified individual with a disability who was able to perform the essential functions of his position with or without reasonable accommodation, because of his disability, perceived to be a mental impairment by the Defendant; and Defendant's discharge of Daniel Kosmicki based on the need to make reasonable accommodations to his possible future physical impairments.

7. The effect of the practices complained of has been to deprive Daniel Kosmicki of equal employment opportunity and otherwise adversely effect his status as an employee because of his disability.

8. The unlawful employment practices complained of were and are intentional.

WHEREFORE, Plaintiff prays that this Court:

A. Grant a permanent injunction enjoining the Defendant Burlington Northern Santa Fe Railway, its owners, officers, management, personnel, employees, agents, successors, assigns and all persons in active concert of participation with it from engaging in any employment practice which discriminates on the basis of disability.

B. Order the Defendant Burlington Northern Santa Fe Railway to institute and carryout policies, practices and programs which provide equal employment opportunities to qualified individuals with disabilities in which eradicate the effects of past and present unlawful employment practices;

C. Order the Defendant Burlington Northern Santa Fe Railway to make whole Daniel Kosmicki by providing him with appropriate lost earnings and insurance premiums with prejudgment interest in amounts to be proved at trial and other affirmative relief necessary to

eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Daniel Kosmicki to the position of engineer;

      D. Order the Defendant Burlington Northern Santa Fe Railway to make whole Daniel Kosmicki by providing compensation for pecuniary losses including but not limited to costs to be incurred for health and life insurance premiums and costs seeking new employment, in amounts to be determined at trial;

      E. Order the Defendant Burlington Northern Santa Fe Railway to make whole Daniel Kosmicki by providing compensation for non-pecuniary losses including emotional pain, suffering, inconvenience and mental anguish in amounts to be proved at trial;

      F. Grant such further and equitable relief as the Court deems necessary and proper; and

      G. Grant the Plaintiff his costs in this action.

The Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

DANIEL KOSMICKI, Plaintiff

By _____
Robert E. O'Connor, Jr. #13113
2433 South 130th Circle
Omaha, NE 68144
(402) 330-5906

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Daniel R. Kosmicki<br>2543 B St<br>Lincoln, NE 68502 | **From:** St Louis District Office - 560<br>Robert A. Young Bldg<br>1222 Spruce Street<br>Saint Louis, MO 63103 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32E-2005-00680 | Joseph J. Wilson, Investigator | (314) 539-7816 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*
James R. Neely, Jr.,
Director

December 13, 2006
*(Date Mailed)*

Enclosures(s)

cc:  Dane A. Freshour
Human Resource Director
BNSF RAILWAY
4515 Kansas Avenue
Kansas City, KS 66106

Robert O'Connor, Jr.
Attorney at Law
2433 South 130 Circle
Omaha, NE 68144

**EXHIBIT 1**