IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DANIEL KOSMICKI,** | ) | Case No. 4:07CV3023 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| **BURLINGTON NORTHERN SANTA** | ) | |
| **FE RAILWAY COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter came on before the Court on the Joint Motion for a Protective Order to ensure and maintain the confidentiality of certain personnel information and records regarding Plaintiff and persons who are not parties to this action, including but not limited to standard personnel files, compensation information, disciplinary records, medical records, applicant records, evaluation records and similar confidential records, produced by Plaintiff or Defendant as set forth in the Joint Motion for Protective Order and for good cause shown, it is hereby ORDERED:

1. This Protective Order shall govern any document or other discovery material marked or otherwise designated as "Confidential" by counsel including any applicant records and any information or records from the personnel file of Plaintiff and current or former employees of Defendant, or from any other file that names or otherwise identifies Plaintiff, any such applicant or current or former employee of Defendant, which document or material is produced or

1

       discussed during the discovery process in the above-captioned action.

2. It is understood by Plaintiff and Defendant that all such Confidential documents and information contained in such documents, produced by Plaintiff or Defendant, are confidential.

3. The inadvertent failure to designate a document "Confidential" does not constitute a waiver of such claim, and a party may so designate a document after such document has been produced with the effect that such document is subject to the protections of this Protective Order.

4. All such Confidential documents, and the information contained in such documents, produced by Plaintiff or Defendant shall be treated as confidential by Plaintiff and Defendant, and all persons covered by the Joint Motion for Protective Order, and shall be used solely for the prosecution of this action, except that Defendant may continue its use of documents which it produces in this litigation in its normal and regular course of business and is not subject to this Protective Order in such use.  No such document, and no information contained in any such document, produced by Plaintiff or Defendant shall be disclosed by Plaintiff or Defendant or anyone on Plaintiff or Defendant's behalf, in any manner whatsoever, except as provided herein and except that Defendant may continue its use of documents which it produces in this litigation it its normal

and regular course of business and is not subject to this Protective Order in such use.

5. Confidential Information may not be used or disclosed except as provided in this Protective Order. Confidential Information may only be copied, disclosed, disseminated, discussed, or inspected, in whole or in part, for purposes of this lawsuit and only by the following persons, except that Defendant may continue its use of documents which it produced in this litigation in its normal and regular course of business and is not subject to this Protective Order in such use:

(a) The parties in this lawsuit;

(b) Counsel representing any party in this lawsuit and counsel's employees;

(c) The author/drafter of any Confidential Information and any person to whom that Confidential Information was addressed;

(d) Deponents incident to their deposition in this lawsuit;

(e) Witnesses in any hearing, trial, or other court proceeding in this lawsuit;

(f) Experts and consultants, and their staff, retained by a party, or a party's counsel, to assist in the preparation and trial of this lawsuit;

(g) The Court and any persons employed by the Court working on this lawsuit;

(h) Court reporters, including stenographers and video technicians;

(i) Any other person who the parties stipulate in writing may have access to Confidential Information; and

3

       (j)      Upon order of this Court.

6. Disclosure shall not be made of any such Confidential documents to any individual (except for counsel and support staff) unless and until Plaintiff or counsel for Plaintiff, Defendant or counsel for Defendant shall have first presented to such individual a copy of this Protective Order, except that Defendant may continue its use of documents which it produces in this litigation in its normal and regular course of business and is not subject to this Protective Order in such use. All such persons shall be bound by the terms of this Protective Order and shall not permit disclosure or exhibition of the documents, or information contained in such documents, other than pursuant to the terms of this Protective Order.

7. Except as provided in paragraphs 8 and 9, for purposes of pleadings, briefs, or any other documents to be filed under seal with the clerk of the Court, only upon separate, specific motion and later order of the Court.

8. Plaintiff and Defendant may consent that a document produced pursuant to discovery may be removed from the scope of this Protective Order. Such consent shall be indicated in writing addressed to counsel for Plaintiff and Defendants.

9. If either Plaintiff or Defendant considers a document designated as Confidential not to be Confidential and desires the removal of such designation, counsel for Plaintiff or Defendant shall discuss the

matter with opposing counsel to ascertain if confidentiality by agreement may be lifted or narrowed. If agreement of counsel cannot be had, then the Court may, upon application, make such order as is appropriate in the circumstances.

10. It is understood that no copies shall be made of Confidential documents produced by Plaintiff or Defendant, unless necessary in connection with this litigation, and except that Defendant may continue its use of documents which it produces in this litigation in its normal and regular course of business and is not subject to this Protective Order in such use. It is further understood that upon completion of the litigation only one copy of any Confidential documents may be retained by opposing counsel and that the provisions of this Agreement shall remain in effect after the termination of this matter unless otherwise agreed by the parties in writing or pursuant to Court Order.

11. The termination of proceedings in this action shall not relieve any person to whom confidential material has been disclosed from the obligations of this Protective Order unless required by law or Court Order.

12. Entering into, agreeing to and/or producing or receiving documents designated "Confidential" or otherwise complying with the terms of this Protective Order shall not:

    (a)    Operate as an admission by any party that any particular document contains or reflects trade secrets or any other type of confidential information;

    (b)    Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular documents or information deemed by any party to be "Confidential";

    (c)    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evident of any document, testimony or other evidence subject to this Protective Order;

    (d)    Prejudice in any way the rights of a party to seek a determination by the Court whether any document should be subject to the terms of this Protective Order;

    (e)    Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

    (f)    Prevent the parties of this Protective Order from agreeing to alter or waive the provisions or protections provided with respect to any particular document.

13.    If a party receives a subpoena or other document request from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, then that party shall, under authority of this Protective Order, decline to produce the Confidential Information, and shall within 7 days of receiving the subpoena or other document request give written notice to the producing party, identifying the Confidential Information sought and enclosing a copy of the subpoena or other document request.

14.    The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by the

parties in writing, or as ordered by the Court. Any modifications, extensions, or limitations agreed to in writing by the parties shall be deemed effective upon approval by the Court. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing a modification of this Protective Order by the Court.

SO ORDERED this 14th day of September, 2007.

BY THE COURT
s/ *David L. Piester*
David L. Piester
United States Magistrate Judge