FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2008 OCT 30  PM 12: 23

OFFICE OF THE CLERK

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 08-1511

| | |
|---|---|
| Daniel Kosmicki, | |
| Appellant, | |
| v. | Appeal from the United States District Court for the District of Nebraska. |
| Burlington Northern & Santa Fe Railway Company, | |
| Appellee. | |

Submitted: September 24, 2008
Filed: October 27, 2008

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

ARNOLD, Circuit Judge.

Daniel Kosmicki brought an action for reinstatement and back pay under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, claiming that his employer, Burlington Northern & Santa Fe Railway Company (BNSF), terminated his employment because BNSF regarded him as disabled. The district court[1] granted BNSF's motion for summary judgment, holding that the company articulated legitimate, nondiscriminatory reasons for Mr. Kosmicki's termination and that

---

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Mr. Kosmicki failed to offer evidence that BNSF's stated reasons were a pretext for discrimination. We affirm.

We review the district court's grant of summary judgment *de novo*. *See Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 910 (8th Cir. 2006). "When the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate." *Fitzgerald v. Action, Inc.*, 521 F.3d 867, 871 (8th Cir. 2008); *see* Fed. R. Civ. P. 56(c).

We apply the familiar *McDonnell Douglas* burden-shifting framework in ADA cases. *Dovenmuehler v. St. Cloud Hosp.*, 509 F.3d 435, 439 (8th Cir. 2007); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Under this framework, Mr. Kosmicki was first required to make out a *prima facie* case by proving that he was disabled within the meaning of the ADA, that he was qualified to perform the essential functions of his job, and that he suffered an adverse employment action because of his disability. *See Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1034 (8th Cir. 2005).

Even though Mr. Kosmicki was not actually disabled, he could still qualify as being disabled under the ADA if BNSF "regarded" him as being disabled. 42 U.S.C. § 12102(2)(C). Mr. Kosmicki asserts that he made out a *prima facie* case by showing that BNSF erroneously believed that he had a disabling brain injury, that he did not have a brain injury and could perform the essential functions of his job as a train conductor and an engineer (train operator), and that he was terminated. A "minimal evidentiary showing satisfies a plaintiff's burden of production" at the *prima facie* stage, *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1007 (8th Cir. 2005), and we assume, without deciding, that Mr. Kosmicki met this burden, *see Montes v. Greater Twin Cities Youth Symphonies*, 540 F.3d 852, 857 (8th Cir. 2008).

Once an employee presents a *prima facie* case of discrimination, the employer must articulate a legitimate, nondiscriminatory reason for the discharge. *See Henderson*, 403 F.3d at 1034. Here BNSF produced evidence that it terminated Mr. Kosmicki because he failed to provide BNSF complete factual information regarding his treatment and medication on a medical screening questionnaire and because he worked while taking prescription drugs that affected his cognitive abilities. Both of these acts are contrary to company policy and thus provide a legitimate reason for termination. *See Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1135 (8th Cir. 1999) (en banc), *cert. denied*, 528 U.S. 818 (1999).

Once an employer presents such evidence, the burden shifts back to the employee to produce evidence that the employer's stated reasons are a pretext for discrimination. *See id.* To meet his burden, Mr. Kosmicki must discredit BNSF's stated reasons for terminating him and show circumstances raising a reasonable inference that the real reason for his discharge was his perceived disability. *See Gilbert v. Des Moines Area Community College*, 495 F.3d 906, 918 (8th Cir. 2007). After a careful review of the record, we conclude that Mr. Kosmicki did not meet his burden.

To show pretext, Mr. Kosmicki must first point to evidence that raises an inference that BNSF's stated reasons "did not actually motivate [its] decision" to terminate him. *E.E.O.C. v. Wal-Mart Stores, Inc.*, 477 F.3d 561, 570 (8th Cir. 2007). He attacks BNSF's contention that he was terminated for dishonesty by asserting that BNSF knew that he was taking a drug called Risperdal since his psychiatrist had notified the company when he originally prescribed the drug for Mr. Kosmicki. Mr. Kosmicki, however, did not notify BNSF that he continued to take Risperdal or that he had been prescribed other drugs, namely Ativan and Lexapro. More importantly, Mr. Kosmicki failed to provide complete and factual information regarding his prescriptions in connection with a medical screening and on a medical history form. In fact, with respect to the medical history form there is evidence that

-3-

Mr. Kosmicki did not merely forget: He originally made an entry in the section for prescribed medications and then crossed the entry out.

There is also evidence to support BNSF's assertion that Mr. Kosmicki was terminated for violating the company's written drug and alcohol policy. Mr. Kosmicki admitted that an employee violates that policy by taking a prescription medication that "has an adverse effect on the employee's ability to work safely." During the months before his discharge, Mr. Kosmicki was taking at least one and sometimes two of three prescription drugs, Ativan, Risperdal, and Lexapro, all of which can cause both sleepiness and dizziness, according to a medical expert who testified at his termination hearing. Mr. Kosmicki himself admitted to BNSF in August that his medications caused him to fail simulator tests that BNSF administered to evaluate his ability to operate a train. After this admission, BNSF obtained records of Mr. Kosmicki's prescription drugs. These records, combined with Mr. Kosmicki's admission as to the drugs' effect on his performance, support BSNF's statement that it discharged him because he took medication that adversely affected his ability to perform his job safely, and Mr. Kosmicki has offered no evidence to discredit that statement.

Even if Mr. Kosmicki had shown that BNSF's stated reasons for his discharge were not its true reasons, he did not meet his burden of producing evidence that would permit a reasonable jury to find that BNSF terminated his employment because it regarded him as disabled. At most, Mr. Kosmicki is inviting speculation about the reason for his termination. It is true that Mr. Kosmicki's supervisor stated that he thought that Mr. Kosmicki, who had at one time been a boxer, might have suffered some type of head injury as a result, and there was other evidence tending to show that BNSF supervisors suspected that Mr. Kosmicki had suffered brain injuries. But this evidence cannot raise an inference in a reasonable mind that this was the real reason for Mr. Kosmicki's termination.

We therefore affirm the judgment of the district court.

------